JOSIAH DOUGHERTY, Respondent, *v.* F. D. G. STAMPS, Appellant.

1. *Contract — Breach — Damages — Waiver.*—Where a contract is entered into for the conveyance of a certain described parcel of land, for a valuable consideration, and the bargainor conveys to the bargainee other described and less valuable land instead, there is a manifest and material breach of the contract, and the bargainor is liable in damages therefor, unless there has been a waiver by the bargainee or an acceptance by him of something else in satisfaction.

2. *Contract — Breach — Damages — Fraud.*—In such a case the question of

fraud, suppressions, or misrepresentations, on the part of the bargainor, is immaterial so far as the bargainor's right to recover such damages is concerned.

3. *Contract — Breach — Rescission — Requisite vigilance.*—Where a purchaser examines property before the sale is concluded, and occupies it for a month or so after the sale without manifesting discontent: *semble*, that it is then too late to complain or rescind the contract. The law expects purchasers to exercise a reasonable degree of vigilance in looking after their affairs, and that they will act with reasonable promptitude.

### *Error to Third District Court.*

This was an action brought in the Barry Circuit Court, by Dougherty against Stamps, to recover $550 and interest due on a note due December 25, 1860. The defendant answered, admitting the execution of the note, but alleging that the note was given for a part of the purchase money of seven hundred acres of land on Woolley Creek, together with a steam saw-mill thereon; that plaintiff had failed to convey the land according to contract; that the mill was defective in many particulars; and alleging fraud and failure of consideration.

On trial, judgment was had for the plaintiff. The defendant took the case by writ of error to the Third District Court, where the judgment of the court below being affirmed, defendant brings the case here by appeal.

*Jas. F. Hardin,* for appellant.

I. The Circuit Court committed manifest error in giving the declarations of law asked by the plaintiff. (1 Pars. Cont. 573; 2 Pick. 214; 9 Met. 83; 13 Mass. 139; 2 Har. &. Gill. 495; 5 Barn. & Ald. 240; 18 Pick. 60; 3 Campb. 285, 465; 1 Stark. 504; 3 Rawle, 23; 6 Taunt. 466.)

II. The Circuit Court erred in refusing the declarations of law asked by the defendant. (Sedg. on Meas. Dam. 427–475, and authorities there cited; and particularly 8 Barb. 9; 18 Mo. 369; 20 Mo. 443; 21 Mo. 415; 5 Hill, 63–71; 6 Barb. 386; 7 Hill, 429, 476, 453; 10 Wend. 512; 17 Ark. 228; *id.* 254; *id.* 270; see also Gen. Stat. 1865, p. 659, § 13; 3 Hill, 171; 8 Wend. 109; 11 Johns. 50; 19 Johns. 77; 21 Wend. 131; 25 Wend. 116; 2 Wend. 431; 4 Wend. 483; 3 Wend. 236; 20 Wend. 51; 22 Wend. 155.)

*T. A. Sherwood*, with *N. Bray*, for respondent.

I. This case discloses no such facts as entitle the defendant to invoke the aid of either law or equity. The defendant here seeks to rescind the contract in part, as well as to recover judgment against the plaintiff; in other words, to retain the benefit of the contract on the one hand, while he shrinks its burdens on the other. "He who seeks equity must do equity."

II. The rescission must go to the whole contract, so that the parties may be remitted to their original positions. (Ad. Eq. 191; Smith v. Busby, 15 Mo. 387.) The judgment of the Circuit Court may well be supported on either of two hypotheses: That there was no fraud in the transaction; or that the defendant, upon full knowledge of the whole matter, condoned it and accepted a modified compliance with the terms of the contract. And a right once waived is gone forever. (Hill. Trust. 168; 1 Sugd. Vend. 265, 331, 332, 559; 1 Sto. Eq. § 195; Stebbins v. Eddy, 4 Mas. 414; Morris Canal Co. v. Emmett and Wife, 9 Paige, 168; Smith v. Evans, 6 Binn. 102; 1 Sto. Eq. §§ 147–8; 2 Kent's Com. 471, 472, 485–6; Ad. Eq. 178.)

III. In this case, Stamps, as the evidence shows, has accepted from Dougherty a conveyance, with full covenants of title; has been put in possession of the property sold; and not only remains undisturbed in such possession, but has sold a portion of the property for a large sum. (Connor v. Eddy, 26 Mo. 72; Clarke's Ch. 571, and cases cited.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues on a promissory note. The answer admits its execution and avers that it was given for a portion of the purchase money for certain premises in Barry county, sold by the plaintiff to the defendant, September 21, 1860; and then, among other things, states, for substance, that the sale was of seven hundred acres of valuable timber lands situated on Woolley Creek, in said county, with a steam saw-mill thereon; that the plaintiff, in pretended execution of this contract, delivered to the defendant,

at a subsequent time, a deed conveying only about four hundred acres of valueless lands in a different locality, with the exception of a few acres on said creek. The answer also charges fraudulent misrepresentations and suppressions on the part of the plaintiff, which we do not deem it necessary to notice. The replication denies these charges of fraud, but does not deny the agreement to convey seven hundred acres of land on Woolley Creek, as alleged in the answer; nor does it aver any conveyance of such lands, or an offer to convey, or that the defendant accepted the deed of him of the four hundred acres as a satisfaction of the requirements of the contract of sale. There are some evasive averments, to the effect that the defendant understood that a portion of the lands contracted for were not the lands themselves, but mere "claims" to Government lands, and that these claims had been conveyed. If it is maintained by the plaintiff that the defendant accepted something in satisfaction of the contract different from its actual calls, it should be so alleged in the reply.

As the pleadings stand, there is a manifest and material breach of the contract alleged in the answer and admitted in the replication, for which the defendant would be entitled to redress, but the results of the trial denied it to him. Besides, the contract read in evidence, being the contract alleged in the answer, describes the land to be conveyed as a "certain parcel of land in Barry county, and on Woolley Creek, containing seven hundred acres more or less." There is not the least proof that such lands were conveyed, or that other lands were accepted as a substitute for them; and the proof shows that the Woolley Creek lands were worth at least $1.25 an acre, while all but a few acres of the four hundred actually conveyed were nearly or quite valueless. The defendant has put it out of his power to rescind the contract as a whole, but there is nothing in the record to show that he accepted what was conveyed to him as a satisfaction of the plaintiff's obligations under the contract.

The case is considerably complicated, and we do not deem it necessary to go into its details. It must be remanded for a new trial, and it is proper to add that, in our view, the case was presented and tried upon an erroneous theory. If the plaintiff, for

a valuable consideration, bargained with the defendant to convey to him seven hundred acres of land on Woolley Creek, in Barry county, and has neglected and refused to do so, he is liable in damages for the consequent breach of contract, unless there has been a waiver or an acceptance of something else in satisfaction. The fraud alleged is immaterial, so far as the bargainee's right to recover such damages is concerned. As regards the alleged fraud in the sale of the mill, it seems rather late to complain, the purchaser having examined the premises before the sale was concluded, and occupied them a month or so after without manifesting discontent. The law expects purchasers to exercise a reasonable degree of vigilance in looking after their affairs, and that they will act with reasonable promptitude.

The pleading might be improved in form. The answer seems to have been framed on the theory of legal defense, and instructions were given and a trial had in the Circuit Court apparently on that theory; but equitable relief is asked in the prayer for a surrender and cancellation of the note sued on. We see no reason why the statutory counter claim would not fully meet the exigency of the defense.

The judgment of the District Court is reversed and the cause remanded for a new trial in accordance with these views. The other judges concur.